MORRELL,
*Respondent-Cross-Appellant.*
*v.*
COUNTY OF LANE,
*Appellant-Cross-Respondent.*

(No. 77 4418, CA 14885)

612 P2d 304

Cristie C. McGuire, Assistant County Counsel,
Eugene, argued the cause and filed the briefs for
appellant-cross-respondent. With her on the brief was
Lane County Office of Legal Counsel, Eugene.

Dennis W. Percell, Eugene, argued the cause and
filed the brief for respondent-cross-appellant. With

him on the brief was Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

The plaintiff filed a suit for a declaratory judgment to determine his rights to operate a rock quarry on his property. The amended complaint prayed for a decree "enjoining the defendant * * * from seeking injunctive relief against the plaintiff or in any way prohibiting his use of his real property as a rock quarry." The defendant by way of countersuit alleged that the rock quarry was in violation of the Lane County zoning ordinances and sought an injunction to prevent its use.

The trial court entered a decree denying the plaintiff's request for relief and granting in part the defendant's request for an injunction. The defendant has appealed from that part of the decree which allows the plaintiff to remove 7,300 cubic yards of rock per month. The plaintiff has cross-appealed contending that the trial court erred in finding that the Lane County zoning ordinance in question was valid. We reverse the trial court and hold that the defendant is entitled to a decree enjoining the plaintiff from removing any rock from the quarry. We find that the Lane County zoning ordinance in question was valid.

Between August 15, 1973, and March 26, 1976, the land on which the plaintiff's rock quarry was located was not zoned in the ordinary sense. Effective on the later date it was included in a Farm-Forestry 20 District zone. Rock quarries were permitted as a conditional use. The plaintiff did not apply for a conditional use permit. The plaintiff claimed the quarry was a lawful preexisting use. To qualify as a lawful preexisting use the quarry must be found to have complied between August 15, 1973, and March 26, 1976, with Lane Code § 9.710:

"Development Permits shall be required for the following uses and activities on any property not subject to zoning in accordance with the provisions * * * of this Code, provided such use or activity is new or is an expansion * * * which would result in an

accumulated area expansion of fifty percent or greater after August 15, 1973. * * * * *

"(22) Rock sand, gravel, and loam excavation in excess of 1,000 yards per year."

The plaintiff does not contest the applicability of the above provision which is in effect the equivalent of a conditional use permit. It is the plaintiff's position that there was not a fifty percent or greater area expansion resulting from rock excavation between August 15, 1973, and March 26, 1976, and, therefore, no development permit was required and the preexisting use was lawful.

From our de novo review we find the following facts. There had been no previous rock quarry activity on the land in question when the plaintiff purchased it in 1965. A rock outcropping was used by the plaintiff from 1965 through 1975 to obtain pit run rock on an intermittent basis for use on his farm. In the winter of 1969-70 Ted Dietz, an employe of the defendant, walked the property personally while conducting soil tests and mapping the area for the Soil Conservation Service. Dietz found no rock quarry or signs of recent rock excavation. The present quarry site was used as a trailer house site by the plaintiff's son and daughter-in-law from 1970 until late 1972.

Several adjacent resident property owners observed the area in question from 1970 through 1976. Some of them had traversed the rock quarry area on foot looking for lost livestock or to visit the plaintiff's son. They saw no signs of rock excavation or quarry activity until early 1976. Extensive tree clearing began in late 1975. Rock crushing and gravel hauling began in early 1976.

Ted Dietz, as an expert witness, compared aerial photos taken of the rock quarry area in 1960, 1971, 1974, 1976, and 1978. He found that there was little difference in the shape or size of the area in the photos from 1960 through 1974, with little evidence of rock excavation. The examination of the May 1, 1976, photo

[488]

showed the quarry area to be at least two and one-half times larger than the quarry area in the photos of previous years.

In January and February, 1976, the plaintiff established a full scale rock quarrying operation which included drilling, blasting, and crushing rock into gravel. An independent contractor crushed 2,965 yards in January and 8,988 yards in March, 1976. An inspection by the Oregon State Department of Geology on January 26, 1976, found that approximately 3,000 yards had been taken from 1.36 acres.

"* * * (O)ne who claims a nonconforming use bears the burden of proving the facts upon which the right to such use is based." *Webber v. Clackamas County,* 42 Or App 151, 600 P2d 448, *rev den* (1979).

Our review of the evidence leads us to the conclusion that there was a fifty percent or greater area expansion of the plaintiff's rock quarry between August 15, 1973, and March 26, 1976, and, therefore, the preexisting use was unlawful because the plaintiff had not obtained a development permit required by Lane Code § 9.710. It follows that the trial court's decree must be reversed with instructions to enter a decree consistent with this opinion.

The plaintiff has cross-appealed contending that the zoning ordinance in question in this case was not valid and enforceable because it contained errors in the metes and bounds description. This court has recently decided this identical question against the plaintiff in *Lane County v. Bessett,* 46 Or App 319, 612 P2d 297 (1980).

Affirmed in part; reversed in part.